USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/22/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES POLO ASSOCIATION, INC.,

                      Plaintiff,

-against-

RIVERS WORLD LLC,

                      Defendants.

1:23-cv-10818 (MKV)

**OPINION AND ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT**

---

MARY KAY VYSKOCIL, United States District Judge:

      United States Polo Association, Inc. brought this trademark infringement action against Rivers World LLC on December 13, 2023. [ECF No. 1]. Shortly thereafter, Plaintiff filed on the docket proof of service on the Defendant, but Defendant did not appear in the following several months. [ECF No. 6]. Accordingly, at Plaintiff's request, the Clerk of Court issued a Certificate of Default and Plaintiff moved for default judgment. [ECF Nos. 13-14]. After review of Plaintiff's motion, the Court issued an order scheduling a default judgment hearing for January 6, 2025. [ECF No. 18]. Upon a request by Plaintiff, the Court adjourned the hearing to January 27, 2025 and directed Plaintiff to serve the adjournment order on the Defendant. [ECF No. 21]. Subsequently, Defendant's counsel appeared and filed a letter requesting an extension of time to respond to Plaintiff's motion for default, which the Court granted. [ECF Nos. 23-25]. Defendant has since filed a memorandum of law in opposition to Plaintiff's motion for default. [ECF No. 31 ("Opp. Mem.")].

      Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). However,

the Second Circuit has an "oft-stated preference for resolving disputes on the merits," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and therefore "[a] plaintiff is not entitled to default judgment as a matter of right, merely because a party has failed to appear or respond." *LG Funding, LLC v. Florida Tilt, Inc.*, No. 15-CV-631, 2015 WL 4390453, at *2 (E.D.N.Y. July 15, 2015) (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)). Instead, an entry of a default judgment is in the sound discretion of the trial court. *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013).

Here, the Defendant has appeared, albeit late. [ECF No. 23]. The Defendant has also explained the reason for its delayed appearance and indicated its intention to defend against Plaintiff's claims on several grounds. *See* Opp. Mem. at 5-6, 7-18.

Accordingly, Plaintiffs' motion for entry of a default judgment is DENIED and the default hearing scheduled for January 27, 2025 is HEREBY ADJOURNED *sine die*.

IT IS FURTHER ORDERED that on or before February 10, 2025, Defendant shall file a response to the Complaint.

**The parties are reminded that failure to comply with this Order or with any order of the Court or comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or their discovery or other obligations may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

SO ORDERED.

Date:  January 22, 2024
       New York, NY

                                                              _____
                                                              MARY KAY VYSKOCIL
                                                              United States District Judge